## SMOOT & EASTON v. MOREHOUSE.

1. When a bankrupt, previously to his bankruptcy, transferred a due bill for a valid consideration, his indorsement made after his bankruptcy, will invest the indorsee with a legal right of action.
2. The preference given by a bankrupt, by payment or assignment of effects, to a creditor, to be void under the bankrupt act, must be a voluntary preference, not induced by an agreement between the parties, for the creditor's security.

Writ of Error to the County Court of Mobile.

Suit was commenced before a justice of the peace, by Moorehouse against Smoot, on a due bill, made by the latter to one Ingraham. Smoot removed the case to the County Court by appeal, and Easton is his surety in the appeal bond.

At the trial, the due bill was produced with Ingraham's name indorsed in blank. The defendant then gave evidence conducing to prove, that Ingraham had passed the note to the plaintiff, in December, 1841, without indorsement, in payment of a debt of several years standing, but that Ingraham had promised to pay the due bill to plaintiff some time before—possibly in 1840. That at the time of the promise so made, and when the due bill was actually delivered, Ingraham was unable to pay his debts; that shortly after the delivery, he filed his petition in the United States District Court, praying a discharge from his debts, and was subsequently discharged, [as a bankrupt.] After his discharge, he was called on by the plaintiff to indorse his name on the paper, which he did. The defendant asked the Court to charge the jury, that if, from the evidence, they believed the note was indorsed by Ingraham after his discharge under a decree of bankruptcy, they must find for the defendant. Also, that if, from the evidence, they believed the due bill was paid or transferred, in contemplation of Bankruptcy, such payment was utterly void, and they must find for the defendant. The charges were refused, and the jury was instructed that a delivery of the note for a valuable consideration, would pass the interest in it, and, after such

delivery, Ingraham was only a trustee for Morehouse, and was bound, whenever called on, to indorse the note. Also, that there was no sufficient defence to the action, on the facts above stated.

The defendant excepted to the refusal of the Court to charge as requested, and to the charges given, which are now assigned as error.

STEWART, for the plaintiff in error, insisted —

1. That by the bankruptcy, the legal title in the due bill passed to Ingraham's assignee, and the indorsement afterwards gave no title to Morehouse. [Owen on Bank. Appex. 51.]

2. The assignee became a trustee of the legal title for Morehouse's benefit, if the assignment of the note was valid. And the proper Court could compel him to indorse it specially. [Ib. 236-7.]

3. All transfers made in contemplation of bankruptcy, by the act, are declared to be void. [Ib. Appx. 50.]

GOLDTHWAITE, J.—The question raised here, as to the authority of the bankrupt, under the circumstances of this case to indorse the due bill, though entirely new in our Courts, seems to have often arisen in those of England. Thus in Smith v. Pickering, Peake's Cases, 50, the drawers of a bill who were also its payers, delivered it to the plaintiff for a valuable consideration, but forgot to indorse it. They afterwards became bankrupt and then indorsed it. In a suit against the acceptor, it was held that the indorsement was valid. So in an anonymous case reported (1 Camp, 422, in notes,) the bill was delivered to the indorsee, more than two months before the commission, with intent to transfer the property in it, but the indorsement was not in effect written within the two months. Lord Ellenborough held, that the writing of the indorsement had reference to the delivery of the bill. In Watkins v. Maule, 2 J. & W. 243, it is said that the administrator of a bankrupt may indorse a bill under such circumstances, for the transfer for consideration is the substance, and the indorsement a mere form, which creates an equitable right, entitling the holder to call for that form. The case of Pease v. Hirst, 10 B. & C. 122, though not stated at length, in the American edition, seems to sustain the right of the payee under such

circumstances to be discharged from a suit by the assignees. In addition to the cases cited, Mr. Chitty has collected many more bearing on the same question, and all seem to concur that the transferee for a valuable consideration, is entitled to have the paper indorsed, either by the bankrupt or the assignee, and that a suit can be maintained, though the indorsement is put on the bill or note after the bankruptcy. [Chitty on Bills, 227, 723-4.] We think the same rule must obtain under our bankrupt act, which vests in the assignee the only beneficial interest of the debtor.

In relation to the second question presented by the bill of exceptions, it is said the delivery of the due bill was made in December, 1841, in accordance with the provision to that effect previously made, and possibly in 1840; that soon afterwards the debtor applied to be discharged as a bankrupt. The charge asked for is, that if the delivery was made in contemplation of bankruptcy, the payment was utterly void. The preference which is spoken of in the second section of the bankrupt act, is also inhibited by the English bankrupt acts, and under them, the uniform construction is, that the preference, to be void, must be a voluntary act of the debtor, and not arise in consequence of any previous agreement with his creditor for security. [Chitty on Bills, 235.] Under the circumstances in evidence, there was nothing before the jury from which a fraudulent preference could be presumed, and therefore the charge requested was properly refused for the reason that the question was not involved by the proof. This point is not much pressed in the brief submitted, but we have thought it best to give it this brief consideration, as it is not abandoned.

We can perceive no error in the action of the Court below, and its judgment is therefore affirmed.